IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DETINA EATON                                                                                              PLAINTIFFS
ADC #707841

LISA MARIA SALAZAR FANN

V.                                         NO.  1:07CV00045 WRW-JWC

ARKANSAS STATE POLICE                                                                       DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## Recommended Disposition

On September 24, 2007, Plaintiff Eaton, a pro se inmate currently confined to the McPherson Unit of the Arkansas Department of Correction ("ADC"), filed, on behalf of herself and Plaintiff Fann,[1] this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Because Plaintiff Eaton has failed to submit a calculation sheet that has been properly completed by an authorized official of the incarcerating facility stating the amount of money or securities on deposit in her institutional account for the previous six-month period, and no in forma pauperis application has been filed by Plaintiff Fann, in forma pauperis status should be denied.

---

[1] Plaintiff Eaton signed Plaintiff Fann's name to the complaint, allegedly with Plaintiff's Fann's permission (see complaint, page 12).

## I. Background

According to Plaintiff Eaton, Plaintiff Fann[2] is a non-inmate who has for eight months been confined against her will to the McPherson compound in segregation. Plaintiff Fann allegedly came to the McPherson Unit on February 5, 2007, to have Plaintiff Eaton "released" from the institution and her red Ford Focus New Edition is still in the staff/visitors parking lot. Plaintiff Eaton further alleges that ADC personnel have refused Plaintiff Fann use of a telephone to confirm that the vehicle is not the property of the ADC. Plaintiff Eaton additionally claims that she too is being illegally detained. Plaintiff Eaton states that she was imprisoned for four years on a rape charge but her sentence was overturned by the courts. As relief, Plaintiff Eaton seeks $50,000 from the Arkansas State Police (Defendant) for endangering her life and well-being and for failing to investigate a hostage situation.

## II. Standard

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b). Moreover, this Court may sua sponte dismiss a complaint filed in forma pauperis at any time if it determines that the action fails to state a claim upon

---

[2] There is no record of a "Lisa Maria Salazar Fann" in the ADC; however, there is a Maria S. Favela (ADC #709082) (alias Socorro Favela Maria Valles) confined to the McPherson Unit. It is not clear whether this is the Plaintiff "Fann" Plaintiff Eaton refers to.

which relief can be granted. Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim or claims that would entitle her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21.

### III. Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim. The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Id. at 484. The label a prisoner gives to his suit is not controlling. Id. at 489-90. Therefore, if Plaintiff is in effect challenging the fact of her incarceration, then her sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983. Id. at 499. State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims. 28 U.S.C. § 2254(b) & (c). A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff Eaton's complaint is an attack on the legality of her (and Plaintiff Fann's) incarceration.[3] She seeks money damages and an investigation into both allegedly illegal detentions. The fact that she has labeled this a § 1983 action is not controlling. The type of claim Plaintiff Eaton has raised, if proven, would necessarily result in both Plaintiffs' release from confinement; therefore, to the extent Plaintiff Eaton challenges the actual fact of her (and Plaintiff Fann's) incarceration, her claims are not presently cognizable here. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition). Furthermore, the Court declines to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff Eaton has not claimed--much less proven--that she has exhausted her available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

Additionally, the fact that Plaintiff Eaton seeks damages from Defendant cannot save her case. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that

---

[3] For purposes of this recommendation, the Court does not address whether Plaintiff Eaton has standing to bring a claim on Plaintiff Fann's behalf.

if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Heck, like the case at bar, involved a criminal conviction. To reiterate, Plaintiff Eaton's allegations, if proven, would necessarily imply the invalidity of her (and Plaintiff Fann's) continued imprisonment and would result in their release from confinement. Absent any allegation that Plaintiff Eaton has successfully challenged this claim through appropriate state or federal procedures, her § 1983 claim for damages is not cognizable. For these reasons, Plaintiffs' claims against Defendant should be dismissed without prejudice to refiling at such time as a successful challenge has occurred. See Childs v. Howard, 242 F.3d 374 (8th Cir. Dec. 21, 2000) (unpub. table op.) (plaintiff cannot use damages suit to avoid challenging lawfulness or length of confinement); see also Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995).

### IV. Conclusion

For the reasons explained herein:

1.   Plaintiffs' case against DEFENDANT should be DISMISSED WITHOUT PREJUDICE for FAILURE TO STATE A CLAIM. Plaintiff Eaton is in effect challenging the legality of her (and Plaintiff Fann's) incarceration; therefore, her sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.

2.   All pending motions should be DENIED AS MOOT.

3.      The Court should CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), THAT AN IN FORMA PAUPERIS APPEAL from any order adopting this recommendation and any judgment entered thereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

4.      Pursuant to Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.), an action dismissed without prejudice under Heck, should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g)[4] as to PLAINTIFF EATON ONLY.

DATED this 28th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.